PEOPLE v. BOOMER.   Appeal from Macomb, George R. Deneweth, J. Submitted Division 2 June 10, 1971, at Lansing.   (Docket No. 10098.)   Decided July 30, 1971.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Don L. Milbourn,* Assistant Prosecuting Attorney, for the people.

*William A. Wyss,* for defendant on appeal.

Before: LESINSKI, C. J., and BRONSON and DANHOF, JJ.

MEMORANDUM OPINION.  Defendant Bobby Boomer was convicted by a jury of breaking and entering with intent to commit larceny. MCLA § 750.110 (Stat Ann 1971 Cum Supp § 28.305).   He appeals as of right.

Defendant contends that the trial court erred by conducting a brief examination of the driver of the automobile during redirect examination. The record reveals that the trial judge's obvious purpose was to clear up an ambiguity in this witness' identification testimony. It was entirely proper for the trial judge to interpose questions consonant with the court's duty "to control all proceedings during the trial * * * with a view to the expeditious and effective ascertainment of the truth regarding the matters involved". MCLA § 768.29 (Stat Ann 1954 Rev § 28.1052).

Defendant also contends that it was error to admit a certain jacket into evidence on ground that the proper foundation had not been laid. Defendant's specific objection is that the chain of custody of the jacket was not established. We disagree. The record reveals that positive identification of the jacket was made by all concerned, and that from the time it was given to police at the scene, tagged as evidence, and stored in a police locker, to the time it was produced at trial, its whereabouts were sufficiently explained. Defendant's contention is without merit.

Affirmed.